IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA    §
   §
V.    §
   §    No. 3:18-cr-632-M
VINSON BURNETT,    §
   §
       Defendant.    §

## MEMORANDUM OPINION AND ORDER OF DETENTION

In an Order Accepting Report and Recommendation of the United States

Magistrate Judge Concerning Plea of Guilty, dated September 18, 2019, Chief Judge

Barbara M. G. Lynn has referred this matter to the undersigned United States

magistrate judge for a hearing to determine whether it has been clearly shown that

there are exceptional circumstances under § 3145(c) why Defendant Vinson Burnett

should not be detained under § 3143(a)(2), and whether it has been shown by clear and

convincing evidence that Defendant Vinson Burnett is not likely to flee or pose a

danger to any other person or the community if released under § 3142(b) or (c) or

whether there is a substantial likelihood that a motion for acquittal or new trial will

be granted or that the Government has recommended that no sentence of

imprisonment be imposed. *See* Dkt. No. 32.

### Background

Defendant is set for sentencing before Judge Lynn on December 20, 2019. *See*

Dkt. No. 28. "[W]hether a defendant should be released pending trial and whether a

defendant should be released pending sentencing or appeal are distinct inquiries

-1-

governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

On January 24, 2019, the undersigned United States magistrate judge released Defendant subject to an Order Setting Conditions of Release. *See* Dkt. No. 13.

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and

convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant filed a Motion for Release Pending Sentencing, *see* Dkt. No. 25, and a supplemental motion, *see* Dkt. No. 35, in which he identifies the exceptional circumstances under 18 U.S.C. § 3145(c) that he contends justify his continued release post-conviction and in which he addresses whether he is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending sentencing.

The Court held a hearing on October 9, 2019 on the matters referred by Judge Lynn, at which Defendant appeared in person and through counsel and the government's counsel appeared.

## Legal Standards and Analysis

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of a violation of 18 U.S.C. § 2252A(a)(1). *See* Dkt. No. 32; *see also* Dkt. No. 35 at 1-2. That is "a crime of violence" under 3142(f)(1)(A) as " any felony under chapter ... 110." *See* 18 U.S.C §§ 3143(a)(2), 3156(a)(4)(C).

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not

likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 215], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

Defendant asserts that he has made the required showing that he is not likely to flee or pose a danger to the safety of any other person or the community if continued on release. As Defendant explains in his motion:

> First, while the nature and circumstances of the offense are serious, the conditions have been set that mitigate any danger that Mr. Burnett may be perceived to pose to the community. Mr. Burnett has complied with the conditions that restrict him from accessing the internet, computers, smart phones, gaming devices, person under the age of 18, sexually stimulating materials, and home confinement. Continued compliance with these conditions all but ensures that Mr. Burnett poses no danger to the community. Furthermore, Mr. Burnett has passed a polygraph examination, administered by Rick Holden, on the question of actual contact with children indicating that without access to the internet, smart phones, computer, etc. he poses no risk at all to the community. See Exhibit A. Additionally, Tim Proctor has administered a sex offender evaluation on Mr. Burnett and reports that he is at a low risk for

recidivism of the offense of conviction. In fact, child pornography defendants as a whole have been found in empirical studies to pose a low risk of recidivism. Although a serious offense, the conditions imposed, Mr. Burnett's compliance therewith, and the low risk of re-offending his personally, and categorically, poses should be sufficient to convince this Court that he does not pose a danger to the community should he be allowed to remain on release pending sentencing.

Mr. Burnett's personal history and characteristics also weigh in favor of continued release. First, Mr. Burnett has been seeking treatment with Liles Arnold, LPC, and former Chairman for the Texas Council on Sex Offender Treatment, release pending sentencing will allow him to continue with this vital treatment. Mr. Burnett also poses no risk of flight. Mr. Burnett knew in July of 2018, when law enforcement executed a search warrant at his home, that he would be facing criminal charges for a child pornography offense. Mr. Burnett retained counsel and was willing to facilitate turning himself in upon indictment. Significantly, Mr. Burnett made no attempt to flee and has complied with conditions of release. Furthermore, he has strong family ties to the area. Mr. Burnett grew up in North Texas, his elderly mother lives one block from him, his brothers and sisters also live in the area. Mr. Burnett is employed. He has demonstrated a history of compliance with court orders, court appearances, and is subject to home confinement, GPS monitoring, and has relinquished his passport. This Court should find based on the factors in § 3142(g), by clear and convincing evidence, that Mr. Burnett is not likely to flee or pose a danger to the community if allowed to remain on conditions of pretrial release pending sentencing.

Dkt. No. 25 at 3-5 (citations omitted); *see also* Dkt. No. 35 at 1-2.

Assuming that Defendant is right in that regard, the issue of Defendant's presentencing release inevitably turns on whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c). In support of that showing, Defendant asserts that

the totality of the circumstances qualify as exceptional such that he should not be detained pending sentencing. ....

First, Burnett has passed a polygraph indicating that he has had no actual contact with children. That he would submit to a polygraph examination on such a potentially incriminatory question and pass is exceptional and demonstrates, contrary to the government's assertion, that he is not a danger

to anyone or the community. Furthermore, assuming, as the government asserts, that Burnett has a sexual interest in children, his continued treatment with Liles Arnold, former Chairman for the Texas Council on Sex Offender Treatment, is all the more important, critical, and exceptional and warrants his continued release. The interruption of this valuable treatment is an exceptional factor warranting continued release. While, as the government points out, courts have "often rejected" release based "purely personal" circumstances, "[c]ourts granting release have often relied upon a combination of personal factors (e.g. employment, ties to the community, performance on pre-trial release, medical conditions), and legal factors (e.g. the potential length of the sentence and the possibility of a downward departure at sentencing)." Here, Burnett is seeking treatment, the benefits of which will be forfeited if detained, he is gainfully employed, assists in care taking for his mother, and has complied fully with conditions of pretrial release.

Finally, the government is wrong when it concludes that Burnett is a danger and risk of flight. First, the government argues that Burnett is a danger because his offense of conviction demonstrates a sexual interest in children. The government wholly ignores that Burnett has passed a polygraph regarding any sexual contact with children and that his conditions of release, which he has faithfully abided by eliminate the risk of internet offending. Furthermore, the government takes issue with the empirical data acknowledging the low risk of recidivism of child pornography. However, courts and the U.S. Sentencing Commission have acknowledged these low recidivism rates and the fact that child pornography offenders are not often found to have engaged in sexual abuse of children.

In contending that Burnett is a risk of flight, the government relies solely on the fact that, as a result of his choice to plead guilty, he faces a mandatory minimum sentence of at least five years imprisonment. In so concluding, the government wholly ignores Burnett's family ties, his cooperation with law enforcement, his employment, and his length of residence in the community all of which favor a finding that he is not a flight risk.

Dkt. No. 35 at 2-5 (citations omitted).

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of

"exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional

circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

The Court determines – as have other courts when presented with similar arguments for presentencing release – that Defendant's proffered reasons for continuing his release are not, in and of themselves or taken together, a unique combination of circumstances giving rise to a situation that is out of the ordinary to the point that his detention pending sentencing would not be appropriate. In light of Section 3142(a)(2)'s mandate, as Defendant recognizes, the facts that a defendant has been compliant and behaved commendably on release – as Defendant undisputedly has here – and that he may be likely to continue to comply with his release conditions do not amount to exceptional reasons why his detention pending sentencing would not be appropriate or, put another way, why remanding him to custody until sentencing would be unreasonable or tantamount to subjecting him to unjust detention.

Defendant's successful participation in long-term counseling, while also commendable, likewise does not, standing alone or in combination with his other proffered reasons, qualify as such clearly out of the ordinary, uncommon, or rare circumstances as to justify continued release under Section 3145(c). In essence, Defendant asserts that his need for counseling and the success so far of that treatment are so extraordinary as to make presentencing detention inappropriate because it

would preclude another several weeks of counseling that will further advance that successful therapy and would hamper Defendant in using that success to press for a downward variance at sentencing. Those are worthy goals, but, after carefully considering counsel's arguments, the Court finds that Defendant has not shown that his circumstances are so different from those other similarly situated defendants, including those convicted of a child pornography offense, who also may wish to continue therapy and show the sentencing judge progress on release up to the point of the hearing, as to constitute exceptional reasons why Defendant should not be detained pending sentencing in the face of the legal presumption that he should be. *See, e.g.*, *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) ("As to the district court's desire that Brown remain in treatment pending assignment, we agree with the courts that have held that a defendant's participation in a treatment program is not an extraordinary reason, and we disagree with the courts that have held to the contrary." (citations omitted)); *cf. Jones v. United States*, No. 5:08-CR-290-FL-1, 2011 WL 6780786, at *4 (E.D.N.C. Dec. 27, 2011) ("None of the purportedly 'exceptional' circumstances identified by petitioner – the supposed non-violent character of his particular crime of violence, his cooperation with authorities, his procurement of psychiatric counseling, or his desire to continue his efforts to provide care for his children – constitute circumstances which the court would deem exceptional.").

## Conclusion

Accordingly, the Court finds that it has not been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Vinson Burnett

should not be detained under 18 U.S.C. § 3143(a)(2), DENIES Defendant's Motion for Release Pending Sentencing [Dkt. No. 25] and Supplemental Motion for Release Pending Sentencing [Dkt. No. 35] and ORDERS that, under 18 U.S.C. § 3143(a)(2), Defendant Vinson Burnett be detained pending sentencing.

It is therefore ORDERED that Defendant Vinson Burnett be, and he is hereby, committed to the custody of the Attorney General and United States Marshal for further proceedings.

It is ORDERED that Defendant Vinson Burnett, while being so held, be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

DATED: October 9, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE